## JONES ET AL *v.* LONG.

[No. 9,964.   Filed November 19, 1919.   Rehearing denied
January 29, 1920.]

VENDOR AND PURCHASER.—*Action for Breach of Contract.—Incumbrance in Excess of Amount Stipulated.—Exchange of Property.*—In an action for alleged breach of a contract for the sale and exchange of real estate, where the contract provided that plaintiff was to convey certain land for a stated consideration, and subject to an encumbrance of $4,000 and to a certain lease, and that if there should be any defect in the title a reasonable time should be given to cure it, evidence of a tender of deed for said lands with an encumbrance thereon of $8,000, and of the existence of drainage liens upon said land, did not constitute a defect in title, but of the offer of a thing not bargained for by the defendant, and not only does not sustain the allegations of the complaint, but establishes the facts to the contrary.

From Bartholomew Circuit Court; *John W. Donaker*, Judge.

Action by John W. Long against Delia C. Jones and another. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Thomas E. Davidson, George L. Tremain* and *Rollin A. Turner,* for appellant.

*John F. Goddard, John W. Craig, Hugh Wickens, Frank Hamilton* and *John E. Osborn,* for appellees.

ENLOE, J.—This was an action by appellee against the appellants to recover damages for the alleged breach of a certain contract, for the sale and exchange of real estate.

The suit was brought in Decatur county and afterwards by change of venue sent to Bartholomew county for trial. The case was tried upon an amended second paragraph of complaint, to which an answer in general denial was filed. The case was tried before the court without the intervention of a jury. There was a finding for appellee and judgment in his favor in the sum of $1,200. The appellants duly filed their motion for a new trial, which being overruled, they prosecuted this appeal.

The only error assigned is the action of the court in overruling appellant's motion for a new trial, and under this motion we are only required to consider whether the decision of the court was sustained by sufficient evidence.

The only parts of said paragraph of complaint necessary to be considered on this appeal are the following: "Said plaintiff avers that he has done and performed all the things by him to be done and performed under the terms of said contract and that said defendants have each of them failed and refused to comply with the terms of said contract, although demand was duly made upon them before the commencement of this action. That plaintiff was then

and there and ever since has been ready and willing
to convey his said real estate and pay any cash dif-
ference owing, and to comply with all the terms and
conditions of said contract by him to be complied
with, upon a compliance by defendants with the terms
of said contract, and now offers to do so.    And
plaintiff says that said defendants have at all times
refused to comply with the terms of said contract and
now refuse.''

The contract was attached to the complaint as an
exhibit thereto.   The only parts of the contract neces-
sary to be considered in the determination of this
appeal are as follows:

"That in consideration of the covenants here-
inafter expressed, the said first parties herein
agree to convey to said second party, by a good
and sufficient warranty deed, furnishing an ab-
stract of title showing a good and sufficient mer-
chantable title in them, the following described
real estate in Decatur County, Indiana, to wit:
(Here follows a description of the real estate),
*   *   *   and in consideration of said sale and
transfer by said first parties to said second party,
the said second party agrees to convey to said
first parties, by a good and sufficient warranty
deed, together with an abstract showing a good
and sufficient merchantable title in said second
party, the following described real estate in
Starke County, Indiana, to wit: (Here follows
a description of the lands in Starke county) for
and in consideration of the sum of $20,000.00,
subject to an encumbrance in the sum of
$4,000.00, leaving an equity in the sum of $16,-
000.00, and also subject to a lease which ex-

pires March 1, 1916, to be assigned to said first parties * * *. If there shall be any defect in the title of either party to said property herein mentioned and described, a reasonable time shall be given to cure said defect. If any action shall be necessary to quiet title or to cure any defect in the title the party whose title is so defective shall furnish to the other party a bond covering said defect and the expense of such litigation and this trade shall be closed as herein specified without awaiting the results of such action."

It appears from this record that the above contract was entered into March 15, 1915, and that thereafter on March 27, 1915, appellee, his wife joining therein, executed a deed for said Starke county lands, to appellants, except that no revenue stamp was placed thereon, and placed said deed in the hands of one Walter W. Bonner, in escrow, as had been agreed upon, at the same time giving to said Bonner the money necessary to procure the revenue stamp to be placed thereon, in case said deed was accepted, and authorized him to cancel the same; that on April 9, 1915, the appellee tendered his abstract of title covering said Starke county lands to the appellants, and demanded that they, appellants, proceed with the execution and carrying out of the contract by executing a deed to the lands in Decatur county, and invoicing personal property, etc.; and that the appellants refused to proceed with the carrying out of said contract.

It further appears from this record that, as shown by the abstract of title, the Starke county lands, mentioned in said contract, were encumbered by a mortgage in the sum of $8,000, and also that said lands

were included in the lands described in a certain drainage petition theretofore filed and then pending in the Starke Circuit Court, and that, if said drain were established, said lands would be assessed as benefited, but the amount of such benefits were at that time undetermined.

The determination of the rights of the parties to this appeal depends upon the construction to be given to the language of the aforesaid contract of sale.

The language of the contract, as to what the appellee had agreed to do, is clear, definite and certain:

> "And in consideration of said sale and transfer by said first parties, to said second party, the said second party agrees to convey to said first party, by a good and sufficient warranty deed, together with an abstract showing a good and sufficient merchantable title in said second party, the following described real estate in Starke County, Indiana, to wit: The South West Quarter of Section Two (2), Township Thirty-Two (32) North, Range Two (2) West, for and in consideration of the sum of $20,000.00, subject to an encumbrance in the sum of $4,000.00, leaving an equity in the sum of $16,000.00, and also subject to a lease which expires March 1st, 1916, to be assigned to first parties."

In the latter part of said contract we find the clause concerning "defects" as hereinbefore set out.

Was the mortgage for $8,000 on said lands—instead of $4,000 as mentioned in said contract—a "defect" in the title of appellee, within the contemplation of the parties to said contract, at the time they signed the same, and therefore within the exceptions of the last above quoted clause? If it was, then the contract

provided what should be done, and fixed the rights of the parties; but if, on the other hand, it was not such a ''defect'' as contemplated by said clause, then the appellee did not have, as shown by said abstract so tendered by him, the title which he had agreed to convey, and the appellants were not bound to accept the same.

A purchaser is entitled to receive that for which he bargains, and not another and different thing, and a tract of land incumbered by a mortgage of $4,000 is quite a different thing from the same tract of land encumbered by a mortgage for $8,000, and also drainage liens, and for the court to say that the party must accept something different from that for which he bargained would be for the court to nullify the contract as made, and in effect substitute itself as one of the parties to such contract. When this point is arrived at, the making of any and all contracts by the parties becomes a useless thing; thereafter the power and right to contract would be gone.

The evidence offered by appellee not only fails to sustain the allegations of the complaint but establishes the facts to the contrary. The motion for a new trial should have been sustained. The judgment is therefore reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings.